IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                  :
                                        :
PAMELA A. JOHNS, a/k/a                  :
PAMELA JOHNS EWANITS,                   :   Bankruptcy No. 10-27564-BM
                                        :
         Debtor.                        :
                                        :
........................................:...............................................
R. Douglas Tait,                        :
         Plaintiff,                     :   Chapter 7
                                        :
         v.                             :
                                        :   Adversary No. 10-2584-BM
Pamela A. Johns, a/k/a                  :
Pamela Johns Ewanits,                   :
         Defendant.                     :

### MEMORANDUM AND ORDER OF COURT

AND NOW, this _26th_ day of **July, 2011**, upon consideration of the adversary complaint filed by R. Douglas Tait, the instant plaintiff (hereafter "Tait"), wherein Tait seeks to have his claim against Pamela Johns, the instant debtor (hereafter "the Debtor"), declared nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), as well as pursuant to 11 U.S.C. § 548;

and subsequent to notice and a trial on the matter that was held on July 20, 2011;

it is **hereby ORDERED, ADJUDGED, AND DECREED** that Tait's claim against the Debtor is **DISCHARGED**, that is such claim **shall not be declared nondischargeable**.

The Court so rules for the reasons briefly set forth below.

I.

Tait first contends that his claim should be declared nondischargeable pursuant to § 523(a)(2). A nondischargeability cause of action under either § 523(a)(2)(A) or § 523(a)(2)(B) requires the requisite proof, *inter alia*, that a debtor made a representation or statement, known to be false, that was made with the intent to deceive the plaintiff, upon which the plaintiff either justifiably or reasonably relied, and that caused damage to the plaintiff. *See* 4 Collier on Bankruptcy, ¶ 523.08[1][d] at 523-45 (Bender 2010) (citing Field v. Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (U.S. 1995), to the effect that reliance required of a creditor is justifiable rather than reasonable under § 523(a)(2)(A)) & ¶ 523.08[1][e], [2] at 523-47 (setting forth tests under both § 523(a)(2)(A) & (B)). The Court holds that Tait's claim is not excepted from the Debtor's discharge pursuant to § 523(a)(2) because Tait failed to preponderantly prove at least several of the above elements.

At the outset, the Court strains to identify any representation or statement that Tait preponderantly demonstrates was actually made to him by the Debtor, and which Tait then bases his § 523(a)(2) cause of action upon. The closest thing to such a representation that the Court can fathom, after the benefit of trial, is either (a) the Debtor's implied representation, made when she guaranteed certain of the debt of ICIG Genesis, LLC (hereafter "ICIG Genesis") to Tait, that she intended to honor such guarantee, or (b) some written representation regarding the financial condition of ICIG Genesis, which corporation she partly

2

owned such that it constituted an insider.

Unfortunately for Tait, with respect to the guaranty – which would be actionable under § 523(a)(2)(A) – he fails to preponderantly prove that:

(a) the Debtor never intended to honor such guarantee when it was made (i.e., that she knew her implied representation that she intended to honor such guarantee was false), and

(b) his reliance upon such guarantee was justifiable, given that he performed no investigation of either the Debtor or ICIG Genesis even though red flags existed, such as that such corporation was apparently in such need of cash that it borrowed money from Tait at an annual finance charge of approximately 60%.

As for an action regarding some written representation that pertained to the financial condition of ICIG Genesis – which would be actionable under § 523(a)(2)(B) – Tait fails to preponderantly prove that (a) the Debtor was personally responsible for such statement having been made, (b) she was aware of any falsity of the same or that she personally intended to deceive Tait by virtue of any publication of the same, (c) he actually relied upon such written representation when he lent money to ICIG Genesis, and (d) any such actual reliance was reasonable, given that he did not perform any investigation of either the Debtor or such corporation.

Therefore, Tait's claim cannot be excepted from the Debtor's discharge pursuant to § 523(a)(2).

II.

Tait next contends that his claim should be excepted from discharge under § 523(a)(4) on the ground that the Debtor defrauded him while acting in a fiduciary capacity. The Court holds that Tait's § 523(a)(4) cause of action fails for several reasons.

First, as set forth above, the Court holds that Tait failed to preponderantly prove that the Debtor committed fraud with respect to Tait. Second, "[t]he trust relationship [necessary to establish that a debtor acts in a fiduciary capacity for purposes of § 523(a)(4)] must predate and exist apart from the act from which the underlying indebtedness arose." 4 Collier on Bankruptcy, ¶ 523.10[1][d] at 523-73. Unfortunately for Tait, any trust relationship that could conceivably be found to have existed with respect to the Debtor also could only have arisen from Tait's loan of funds to ICIG Genesis and the Debtor's guarantee of a portion of the corresponding indebtedness, which loan and guaranty constitutes the sole basis for Tait's claim.

Therefore, Tait's claim cannot be excepted from the Debtor's discharge pursuant to § 523(a)(4).

III.

Tait also contends that his claim should be declared nondischargeable pursuant to § 523(a)(6). However, the Court must quickly hold that Tait's § 523(a)(6) cause of action fails because (a) the only willful and malicious act(s) that Tait appears to allege have been committed by the Debtor are those

instances of fraud that she is alleged by Tait to have perpetrated upon him, and (b) the Court, as set forth above, holds that Tait failed to preponderantly prove that the Debtor committed fraud with respect to Tait.

So as to be thorough, the Court also points out that "[a] claim ... based merely upon negligence is not a willful and malicious injury within the exception [set out in § 523(a)(6)], even if the negligence is alleged to be reckless and wanton." 4 Collier on Bankruptcy, ¶ 523.12[4] at 523-96 ("reckless conduct does not satisfy the 'willful and malicious' standard of section 523(a)(6)). Therefore, if Tait perhaps has predicated his § 523(a)(6) cause of action upon some negligent or reckless conduct alleged to have been committed by the Debtor, such conduct, as it turns out, is not legally actionable.

Therefore, Tait's claim cannot be excepted from the Debtor's discharge pursuant to § 523(a)(6).

## IV.

Finally, Tait contends that his claim should be declared nondischargeable pursuant to § 548. Such contention is, to say the least, perplexing given that § 548 provides the statutory basis under the Bankruptcy Code for avoiding a fraudulent conveyance of a bankrupt debtor's property; declaring nondischargeable certain debts of such a debtor does not constitute a type of relief that can conceivably be obtained via § 548. Therefore, Tait's claim cannot be excepted from the Debtor's discharge pursuant to § 548.

However, and once again, so as to be thorough, the Court notes that, if it were Tait's intention to pursue a fraudulent conveyance action under § 548

5

within the confines of the Debtor's bankruptcy case, then he could only thereby attempt to avoid as fraudulent a transfer of property of the Debtor. Unfortunately for Tait, the money that he alleges was fraudulently transferred, as set forth in paragraph 72 of his complaint, was that of ICIG Genesis, not money that belonged to, that is money that was properly owned by, the Debtor. Therefore, the fraudulent conveyance allegation contained in paragraph 72 of Tait's complaint is not even actionable were it Tait's intention to pursue a fraudulent conveyance action.

## V.

Therefore, and for all of the foregoing reasons, Tait's claim against the Debtor must be discharged, that is such claim shall not be declared nondischargeable.

BY THE COURT

_____  7-26-11
BERNARD MARKOVITZ,
U.S. Bankruptcy Judge


cm:  Harry F. Smail, Jr., Esq.
     Dennis B. Rafferty, Esq.
     Robert H. Slone, Esq.
     Charles O. Zebley, Jr., Esq., Ch. 7 Trustee
     (to be served electronically by case administrator)



FILED

JUL 26 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA